IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BANNER LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  1:20-cv-6467 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| PURAB KAUR, MAYHER MATHARU, | ) | |
| VAMSI VENISETTY, and DANIEL H. | ) | Magistrate Judge Gabriel A. Fuentes |
| LEAHY, HARJINDER SINGH, and | ) | |
| TRILOCHAN S. BHAMRAH, | ) | |
| SUCCESSOR CO-TRUSTEES OF THE | ) | |
| AMARPAL S. MATHARU TRUST DATED | ) | |
| JULY 9, 2020, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DANIEL H. LEAHY, HARJINDER SINGH, | ) | |
| and TRILOCHAN S. BHAMRAH, | ) | |
| SUCCESSOR CO-TRUSTEES OF THE | ) | |
| AMARPAL S. MATHARU TRUST DATED | ) | |
| JULY 9, 2020, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PURAB KAUR, MAYHER MATHARU, and | ) | |
| VAMSI VENISETTY, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

BANNER LIFE INSURANCE COMPANY'S MOTION FOR FINAL JUDGMENT
ORDER IN INTERPLEADER AND FOR DEFAULT
<u>JUDGMENT AGAINST DEFENDANT VAMSI VENISETTY</u>

Banner Life Insurance Company ("Banner Life"), by its attorneys, David J. Novotny and

Ridhi D. Madia, of Chittenden, Murday & Novotny, LLC, pursuant to 28 U.S.C. § 1335, FED. R.

CIV. P. 22, 54, 55(a), and 55(b)(2), states as follows for its Motion for Final Judgment Order in Interpleader and for Default Judgment against Defendant Vamsi Venisetty:

1.      On October 30, 2020, Banner Life filed its Complaint for Interpleader against Defendants Purab Kaur, Mayher Matharu, Vamsi Venisetty, and Unknown Trustee of the Amarpal S. Matharu Trust Dated July 9, 2020, pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, and 2361, and under Rule 22 of the Federal Rules of Civil Procedure, FED. R. CIV. P. 22, seeking to interplead the death benefits of a Term Life Option 20 Life Insurance Policy, Policy No. 180364998 (the "Policy"), issued to Amarpal Singh Matharu as the Owner and Insured (the "Insured"), with a death benefit of $750,000.00. (Complaint, Doc. #1).

2.      On February 3, 2021, this Court granted Banner Life Life's Motion for Entry of Order Deeming the Complaint Amended to name Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah as Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020. (Doc. ##24, 25).

3.      The Court has jurisdiction over this matter under 28 § U.S.C. 1332 because diversity of citizenship exists between Banner Life, a citizen of the state of Maryland (Doc. #1, ¶ 1), and the Defendants, who are citizens of Illinois and Pennsylvania (Doc. #1, ¶¶ 2-5). In addition, the amount in controversy is in excess of $75,000. (Doc. # 1, ¶ 7).

4.      The Insured applied for and was issued the Policy in May 2010. The application lists Defendant Purab Kaur as the primary beneficiary. The contingent beneficiaries are listed as "to be divided equally among all living children." (Doc. #1, ¶ 13; Doc. #1, Ex. A).

5.      On or about July 10, 2020, Banner Life received a Beneficiary Change Form for the Policy, purporting to bear the Insured's signature, dated July 6, 2020, listing Defendant Mayher Matharu, Defendant Purab Kaur, and Defendant Vamsi Venisetty as the Policy's primary

beneficiaries. Defendant Mayher Matharu was designated to receive a 50 percent share of the death benefit, Defendant Purab Kaur was designated to receive a 40 percent share of the death benefit, and Defendant Vamsi Venisetty was designated to receive a 10 percent share of the death benefit. (Doc. # 1, ¶ 18; Doc. #1, Ex. D).

6.      Banner Life confirmed this change of beneficiaries for the Policy on or about July 10, 2020. (Doc. #1, ¶19).

7.      On or about July 15, 2020, Banner Life received a Beneficiary Change Form for the Policy, purporting to bear the Insured's signature, also dated July 6, 2020, designating the "Amarpal Singh Matharu Trust Dated 7/9/20," Defendant Purab Kaur, and Defendant Vamsi Venisetty, as the Policy's primary beneficiaries. The "Amarpal Singh Matharu Trust Dated 7/9/20" was to receive a 50 percent share of the death benefit, Defendant Purab Kaur was to receive a 40 percent share of the death benefit, and Defendant Vamsi Venisetty was to receive a 10 percent share of the death benefit. (Doc. #1, ¶ 20; Doc. #1, Ex. E).

8.      On July 15, 2020, Banner Life confirmed this change of beneficiaries for the Policy. (Doc. #1, ¶ 21).

9.      On July 17, 2020, The Circuit Court of Cook County entered an order in *In Re: The Marriage of Purab Kaur v. Amarpal Singh Matharu*, Case No. 15 D 8593, providing that Defendant Purab Kaur and Defendant Mayher Matharu would each be named a 50 percent beneficiary of Amarpal Singh Matharu's life insurance policies, including his Policy with Banner Life. ("Order I.") This Order was entered without prejudice. This Order was not served on Banner Life and was not received by Banner Life until after the Insured's death. (Doc. #1, ¶ 22; Doc. #1, Ex. F).

10.     On September 4, 2020, the Circuit Court of Cook County entered a second order in *In Re: The Marriage of Purab Kaur v. Amarpal Singh Matharu*. The Order states in Section 1A that Defendant Purab Kaur shall be designated as the 75 percent beneficiary of Banner Life's Policy. It also stated that Banner Life "shall implement this beneficiary designation upon receipt of a certified copy of this order." ("Order II"). (Doc. # 1, ¶ 23; Doc. #1, Ex. G).

11.     The Insured died on September 9, 2020. (Doc. #1, ¶ 24).

12.     On September 10, 2020, Banner Life received a non-certified copy of Order II through Defendant Purab Kaur's counsel, William McSurley, requesting that Banner Life comply with Order II. At that time, Banner Life had not been informed that the Insured had died, neither did the communication from Purab Kaur's attorney state that the Insured had died. (Doc. #1, ¶ 25).

13.     On September 11, 2020, Banner Life sent a letter to the Insured, unaware that he had died, informing him of a beneficiary change on his Policy in response to the receipt of Order II. The letter confirmed that Defendant Purab Kaur had a 75 percent beneficiary allocation that was irrevocable until notified by a court order. The letter also confirmed the "Amarpal Singh Matharu Trust" had a 15 percent beneficiary allocation, and Defendant Vamsi Venisetty had a 10 percent beneficiary allocation. (Doc. #1, ¶ 26).

14.     On September 24, 2020, Banner Life sent a letter to the Insured advising that it had changed the Policy's primary beneficiaries to Defendant Purab Kaur, "Amarpal S. Matharu Trust DTD 7/9/20," and Defendant Vamsi Venisetty. (Doc. #1, ¶ 28).

15.     On September 25, 2020, Defendant Purab Kaur sent a letter to Banner Life via email, notifying Banner Life of the Insured's death on September 9, 2020, attaching Order I and Order II, asking Banner Life to not pay any of the Policy's purported beneficiaries, and claiming a 100 percent beneficiary share under the Policy. (Doc. #1, ¶ 29).

16.     After the Insured's death, Banner Life received a claim for the Policy's proceeds from Defendant Purab Kaur. (Doc. #1, ¶25). Mayher Matharu and Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, as the Successor Co-Trustees of the Amarpal S. Matharu, also claim they and Vamsi Venisetty are entitled to portions of the Policy's proceeds. (Doc. #1, ¶¶30-32).

17.     Defendants, Purab Kaur, Mayher Matharu, Vamsi Venisetty, and Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah as the Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020, are potentially adverse claimants to Policy proceeds. (Doc. #1, ¶¶30-32).

18.     As of this date, Defendants have not filed pleadings making allegations against Banner Life.

19.     Banner Life cannot determine factually or legally who is entitled to the Policy's proceeds. (Doc. #1, ¶34).

20.     Banner Life is a disinterested stakeholder and is indifferent as to which of the claimants is entitled to the proceeds and in what amounts under the Policy. Banner Life is only interested in paying and discharging its admitted contractual liability once, is unable to do so by reason of the adverse and conflicting claims of the Defendants, and thus brought its Complaint for Interpleader. Banner Life brought its complaint in good faith, and not at the request of either of the Defendants. Justice and equity dictate that Banner Life should not be subject to the dispute between the Defendants over the death benefit proceeds. (Doc. #1, ¶ 36).

21.     On November 13, 2020, the Court entered an order granting Banner Life's Motion for Leave to Deposit Funds into the Registry of the Court. (Doc. #10). Banner Life deposited its

admitted contractual liability in the amount of $ 750,454.77 on December 7, 2020. *See* Receipt of Deposit, attached hereto as Exhibit 1.

22.     Banner Life admits its contractual liability under the Policy in the amount of $750,000, plus any applicable interest thereon, which it has deposited with this Court. (Doc. #1, ¶34; Ex. 1).

23.     After Banner Life filed its Complaint for Interpleader on October 30, 2020, Banner Life received an executed Waiver of Service of Summons from Defendants Purab Kaur, Mayher Matharu, and Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020. (Doc. ##, 9, 11, 20).

24.     Defendant Vamsi Venisetty did not respond to a request for Waiver of Service of Summons mailed on November 4, 2020, and was served with the Summons and Complaint via a process server on January 8, 2021. (Doc. # 21).

25.     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Vamsi Venisetty's Answer or other responsive pleading to the Summons and Complaint was due no later than January 29, 2021. (Doc. # 21).

26.     Defendant Vamsi Venisetty is not in military service as defined by 50 U.S.C. § 3911(d). (Declaration of Ridhi D. Madia, attached hereto as Exhibit 2, ¶¶ 7-9; Status Report Pursuant to SCRA, attached hereto as Exhibit 3).

27.     To date, Defendant Vamsi Venisetty has not filed an Appearance or responsive pleading to the Complaint or requested an extension of time to do so.

28.     The Clerk entered a default against Defendant Vamsi Venisetty under Fed. R. Civ. P. 55(a), on February 16, 2021. (Doc. # 30).

29.     This Court has stayed the filing of pleadings pending settlement negotiations among the Defendants. Therefore, Defendant Mayher Matharu has not yet filed a responsive pleading.

30.     Due to competing claims for the Policy's proceeds from Defendants Purab Kaur, Mayher Matharu, Vamsi Venisetty, as well as from Defendants Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020, Banner Life cannot discharge its admitted liability under the Policy without exposing itself to multiple litigations, multiple litigations, or both. (Doc. #1, ¶ 34).

31.     "Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims. … After a court has determined that interpleader is warranted, the claimants proceed to a second stage in which the merits of their claims are resolved." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).

32.     Banner Life submits its proposed Final Judgment Order in Interpleader and for Default Judgment against Defendant Vamsi Venisetty to this Court, which is attached hereto as Exhibit 4.

33.     It is well established that:

> [T]o procure a default judgment under Rule 55(b)(2), a party must establish the following: (1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

*UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006) (citing *Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)). Also,

> The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. [citation omitted]. If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Prudential Ins. Co. of Am. v. Barker*, No. 4:18 CV 76, 2020 WL 108661, at *2 (N.D. Ind. Jan. 9, 2020) (citing *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)).

34.     Banner Life is entitled to default judgment against Defendant Vamsi Venisetty. Accordingly, this Court should enter judgment of default against Defendant Vamsi Venisetty.

35.     Banner Life has properly served a copy of this Motion for Final Judgment Order in Interpleader and for Default Judgment against Defendant Vamsi Venisetty on each of the Defendants.

36.     Banner Life is entitled to Final Judgment on its Interpleader Complaint against all other Defendants. Accordingly, this Court should enter judgment in favor of Banner Life and against all other Defendants on its Interpleader Complaint.

37.     Banner Life respectfully requests reasonable attorneys' fees and costs in this matter, in the amount of $7,179. See Ex. 1 hereto.

38.     Courts have discretion to award attorneys' fees to interpleader plaintiffs in interpleader actions like this matter, when: "(1) the party seeking fees is a disinterested stakeholder; (2) the party concedes liability for the funds; (3) the party deposited the funds into the court; and (4) the party sought discharge from liability." *Thrivent Financial for Lutherans v. Warpness*, 2017 WL 2790235, at *2 (E.D. Wisc. 2017) (citing *Hartford Life & Acc. Ins. Co. v. Sabol*, 2010 WL 519725 (E.D. Wisc. 2010); *Law Offices of Beryl A. Birndorf v. Joffe*, 930 F.2d

25, 25 (7th Cir. 1991)). A court may award fees when "the stakeholder's efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) (citations omitted).

39.     An award of attorneys' fees is appropriate in an interpleader action "because the stakeholder is the target of a dispute which is not of his own making, and because he 'is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court ….'" *Law Offices of Birndorf v. Joffe*, No. 89 C 6484, 1990 WL 103234, at *3 (N.D. Ill. July 16, 1990) (quoting *United Bank of Denver v. Oxford Properties, Inc.*, 683 F. Supp. 755, 757 (D. Colo. 1988)).

40.     "[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008)

41.     In *Thrivent Fin. for Lutherans v. Warpness*, the court awarded fees to the insurer, in part, because the insured was careless and failed to clarify beneficiary designations after his divorce and entered into a vague and indefinite divorce settlement. No. 16-C-1321, 2017 WL 2790235, at *3 (E.D. Wis. June 27, 2017). "Awarding the insured fees and expenses out of the policy proceeds in such cases not only places the loss on the party responsible for the confusion (or more accurately those standing in the shoes of the person responsible), but it also incentivizes insureds to make their beneficiary designations clear and update them when significant changes in their lives call them into question. Such a rule also incentivizes the insurer to inquire into the legitimacy of the potential claims, protect the integrity of the fund, and act in a timely fashion." *Id.*

42.     Banner Life has incurred $6,709.00 in attorneys' fees through February 28, 2021 and continues to incur attorneys' fees as the litigation continues. *See* Ex. 1 hereto. Banner Life has

also incurred $470.00 in court costs and expenses through February 28, 2021 and continues to incur costs as the litigation continues. The total amount of fees and costs incurred by Banner Life in this litigation through February 28, 2021 is $7,179.00.[1] *See* Ex. 1.

43.     This is a reasonable amount of fees and costs for the work done. The fees for Banner Life to file this action and seek discharge from liability were primarily incurred by Ridhi Madia, an Associate at the law firm of Chittenden, Murday & Novotny LLC. Her hourly rate on this matter ($200.00) is reasonable based on her one year of experience and the fact that it is comparable to the rates of others practicing in her geographic area of Chicago, Illinois. Fees were also incurred by David J. Novotny, a Member at the law firm of Chittenden, Murday & Novotny LLC.  His hourly rate on this matter ($330.00) is reasonable based on his 42 years of experience and the fact that it is comparable to the rates of others practicing in his geographic area of Chicago, Illinois. The hours billed by Ms. Madia and Mr. Novotny are reasonable, as all the time was necessary to the filing of this action, to pursue Banner Life's discharge from liability, and to pursue an award of fees and costs. Additionally, the costs other than attorneys' fees were reasonable and necessarily incurred in the filing of this action, including filing fees and service fees, and should be awarded to Banner Life as a prevailing party under Fed. R. Civ. P 54(d).

44.     This interpleader action has expeditiously resolved conflicting claims and will secure proper application of the fund. Moreover, prompt initiation of early litigation of the claims has benefited the interpleaded fund, and Banner Life should not be burdened with the costs of such litigation. Given the amount of proceeds at issue in this case, Banner Life should be awarded its

---

[1] Banner Life's billing records contain protected attorney work product and attorney client privileged information. Banner Life can submit its billing records through February 28, 2021 to the Court for *in camera* review—so the records remain privileged—if the Court so requires.

attorneys' fees and costs, in the amount of $7,179.00, to be deducted from the Policy proceeds on deposit with the Registry of this Court.

WHEREFORE, Plaintiff, Banner Life Insurance Company, respectfully requests that this Court enter an order in the form of the Order attached here to as Exhibit 4:

A. Granting judgment in favor of Banner Life Insurance Company on its Complaint for Interpleader and against Defendants, Purab Kaur and Mayher Matharu, and Defendants Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020;

B. Granting an entry of default and default judgment against Defendant Vamsi Venisetty, in favor of Banner Life Insurance Company on its Complaint for Interpleader;

C. Releasing and discharging Banner Life Insurance Company, its successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors, and employees from any and all liability under its life insurance policy, Policy No. 180364998, insuring the life of Amarpal Singh Matharu, or arising on account of the death of Amarpal Singh Matharu, or any or all of the Defendants, Purab Kaur, Mayher Matharu, Vamsi Venisetty, and Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, as the Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020, or any person or entity claiming through them;

D. Permanently and perpetually restraining and enjoining Defendants, Purab Kaur, Mayher Matharu, Vamsi Venisetty, and Defendants Daniel H. Leahy, Harjinder Singh, and Trilochan S. Bhamrah, Successor Co-Trustees of the Amarpal S. Matharu Trust Dated July 9, 2020, or any person or entity claiming through them, from commencing or prosecuting any proceeding or claim against Banner Life Insurance Company in any

state or federal court or other forum with respect to the proceeds payable under the life insurance policy, Policy No. 180364998, insuring the life of Amarpal Singh Matharu, or on account of the death of Amarpal Singh Matharu, and that this injunction issue without bond or surety;

E. Excusing Banner Life Insurance Company from further attendance in this cause and dismissing Banner Life Insurance Company with prejudice from this cause with an express finding that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delaying either enforcement or appeal of this Order or both;

F. Requiring Defendants to litigate their entitlement to the proceeds of the life insurance policy, Policy No. 180364998 insuring the life of Amarpal Singh Matharu among themselves without further involving Banner Life Insurance Company;

G. Awarding Banner Life Insurance Company its reasonable attorneys' fees and costs in the amount of $7,179.00, to be paid from the $750,454.77 that Banner Life Insurance Company deposited with the Clerk of this Court, and in accordance with 28 U.S.C. § 2042, directing the Clerk of this Court to issue a check to Banner Life Insurance Company in the amount of $7,179.00, with a mailing address of "c/o Chittenden, Murday, & Novotny LLC, 303 West Madison Street, Suite 2400, Chicago, Illinois 60606;" and

H. Granting Banner Life Insurance Company such other and further relief as this Court deems just and appropriate.

Dated: April 1, 2021.

Respectfully submitted,

BANNER LIFE INSURANCE COMPANY

s/ *Ridhi D. Madia*
One of Its Attorneys

David J. Novotny (IL Bar No. 3121954)
Ridhi D. Madia (IL Bar No. 6334462)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, IL 60606-3393
Tel: (312) 281-3600
Fax: (312) 281-3678
Email: rmadia@cmn-law.com

*Attorneys for Plaintiff Banner Life*
*Insurance Company*

13

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2021, I electronically filed the foregoing **Banner Life Insurance Company's Motion for Final Judgment Order in Interpleader and for Default Judgment Against Defendant Vamsi Venisetty** herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the following registered CM/ECF participants:

Timothy J. Ritchey
Kyle T. Fahey
Peck Ritchey, LLC
321 S. Plymouth Ct., 6th Floor
Chicago, IL 60604
Tel: (312) 201-0900
tritchey@peckritchey.com
kfahey@peckritchey.com

Frank Venis
Venis and Copp LLP
205 W. Randolph Street, Suite 2000
Chicago, IL 60606
Tel: (312) 469-0707
venis@venisandcopp.com
*Attorneys for Defendant Purab Kaur*

Deborah Jo Soehlig
Fischel Kahn
155 N. Wacker Drive, Suite 3850
Chicago, Illinois 60606
Tel: (312) 726-0440
dsoehlig@fischelkahn.com
*Attorney for Defendant Successor Co-Trustees of
the Amarpal S. Matharu Trust Dated July 9, 2012*

David A. Martin
Righeimer Martin & Cinquino, P.C.
230 West Monroe Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 726-5646
dmartin@rmclaw.net
*Attorney for Defendant Mayher Matharu*

I hereby further certify that a copy of the foregoing **Banner Life Insurance Company's Motion for Final Judgment Order in Interpleader and for Default Judgment Against Defendant Vamsi Venisetty** was sent on April 1, 2021 via U.S. Mail postage prepaid and properly addressed to the following non-CM/ECF participants:

Vamsi Venisetty
729 Chestnut Court
Langhorne, PA 19047

_s/ Ridhi D. Madia_

15